## FERNÁNDEZ ET AL. v. COBB.

### APPEAL from the District Court of Humacao.

No. 620.—Decided June 20, 1911.

ACTION OF EJECTMENT—UNCERTAIN RIGHT OF PLAINTIFFS.—Upon examination of the record the Supreme Court held that even in case the plaintiffs had shown that they had some right of ownership to the lands claimed, such showing would have disclosed such vague and uncertain right that it could not serve as a basis for the rendition of a judgment such as they seek.

ID.—DEFENDANT'S TITLE—GOOD FAITH AND JUST TITLE—RECORD IN THE REGISTRY—THIRD PARTY.—The defendant having acquired ownership of the lands in question in good faith and with just title from the person whose title was recorded in the registry without the ground of nullity now alleged appearing therein, it must be held that the defendant is a third party whose title should not and cannot be invalidated.

Decided under the authority of the opinion delivered in case No. 621, *Fernández et al.* v. *Velázquez*, decided June 9, 1911 (17 P. R., 716).

The facts are stated in the opinion.

Messrs. *T. D. Mott, Jr.,* and *Hord & Scoville* for appellants.

Mr. *Luis Muñoz Morales* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is a case of ejectment and indemnity for damages. The plaintiffs alleged in substance that two of them, José Maximino and Catalina Fernández y Borrás, are minors, and that they appear under authority of, and represented by, their father; that the other plaintiff, Evaristo Fernández, appears in his own right and in representation of his said minor children; that the plaintiffs are and were, during all of the time stated in the complaint, the owners of one-half of an undivided interest in certain lands described therein, with a right to the possession thereof; that on or about August 26, 1907, the defendant, John Blackwell Cobb, was and is in possession of the lands described, pretending to be the legitimate owner thereof, but the plaintiffs allege that said defendant is not the owner of such lands or any part thereof, and that he has no legal title thereto; that the defendant was and is unlawfully and unjustly in possession

of the aforsaid lands from or about August 26, 1907, and that since that date he has deprived the plaintiffs and retained possession therof against their will, and that he still continues in such possession, causing them damages in the sum of $20,000; that the lands are worth $60,000.

The complaint concludes with the prayer that the plaintiffs be declared the owners of the undivided half of the lands in question with the right to possession thereof, and that it be declared, moreover, that they were the owners, with the right of possession, during all of the time stated in the complaint, and that they be allowed $20,000 for damages, with costs and attorney's fees.

The defendant answered the complaint, admitting the allegations in regard to the personality of the plaintiffs, denying the other allegations of the complaint, and, in turn, alleging that he is the legitimate owner of the lands claimed by the plaintiffs, as he acquired them in good faith by purchase recorded in a public deed entered in the registry, and that he has since been in uninterrupted, quiet, and peaceful possession thereof as owner of the same, and that the plaintiffs never were the owners nor in possession of any part of the lands, which are not recorded in their favor in the registry. That the plaintiffs have suffered no damages.

The answer is extensive and detailed, contains the history of the titles of the lands from the time of their original owners, and concludes with the prayer that the complaint be dismissed with costs against the plaintiffs.

The case having been tried, the District Court of Humacao rendered judgment on June 20, 1906, declaring that the law and the facts were against the plaintiffs, and therefore dismissed the complaint. It is from this judgment that the present appeal has been taken.

The evidence introduced by the plaintiffs consisted of:

1. The testimony of plaintiff, Evaristo Fernández, which, copied literally, reads as follows:

"That his name is Evaristo Fernández; that he is one of the plaintiffs in this case, and that José Maximino Fernández Borrás and Catalina Dolores Fernández Borrás are his legitimate children; that he was married to Catalina Borrás y Ginart, and the two aforesaid children are the fruit of that union; that Catalina Borrás was the daughter of Gerónima Ginart and Bartolomé Borrás; that Gerónima Ginart is dead, having died before Catalina Borrás; that Bartolomó Borrás left two children, to wit, Catalina Borrás y Ginart, who was his wife, and Juanita Borrás Ginart; that Catalina and Juana Borrás were the heirs of Gerónima Ginart; that he knows the following parcels of land described in the complaint: A parcel of land composed of 264 *cuerdas* situate in *barrio* Cañabón, another parcel of 11 *cuerdas* in *barrio* Cagüitas, another parcel of 31 *cuerdas* in *barrio* Cagüitas, another parcel of 22.39 *cuerdas* in *barrio* Cagüitas, a parcel of 37 *cuerdas* in *barrio* Bairoa, and that he has known said lands for a period of about 20 years; that they are suitable for the cultivation of sugar-cane, for which purpose they are excellent, and that the rate of rental of said lands in the vicinity of Caguas is at present one dollar a month for each *cuerda* at least; that he knows the rate of rental for land in Caguas, and that this rate is and has been for four or five years one dollar a month for each *cuerda.*"

2. A certified copy of the decision of the District Court of San Juan, dated December 20, 1904, declaring José Maximino and Catalina Dolores Fernández and Evaristo Fernández, her widower, to be the heirs of María Catalina Borrás y Ginart, who died on June 4, 1904:

3. The testmony of Jesús L. Pereyó which, copied literally, reads:

"That his name is Jesús L. Pereyó; that he is at present secretary of the District Court of Humacao, and that as such secretary the records of the court are in his possession. He explains that certain records shown him are an order, which has been complied with, for the execution of judgment against Catalina Borrás, Juana Borrás Ginart, successors of Gerónima Ginart, and Bartolomé Borrás and Brother, in liquidation, issued on June 12, 1905, by the secretary of said court in view of an order of the judge thereof; that said record is the return of the marshal on the execution of judg-

ment aforesaid, and that that was the action taken by the marshal in compliance with the order issued by the secretary."

To questions of defendant's attorney, Mr. Socorro, the witness testified:

"That said record is not folioed, and that on counting them he finds 13 folios; that he was not secretary of the aforesaid court when the marshal returned said order after complying therewith; that he cannot answer that said record is now in the same condition as when returned by the marshal to the secretary because the same is not folioed; that when he assumed charge of the office of secretary of this court there were delivered to him, although not under inventory, all the documents existing in such office, this record among the others; that he cannot state positively whether or not documents are missing in the record in question."

4. The records referred to by the aforesaid witness—that is, the records relative to the execution of the judgment rendered on July 10, 1903, in the case of *Ramis* v. *Borrás et al.,* from which it appears that an order of execution was issued June 12, 1905, and that there were sold at public auction, among others, the lands referred to herein, the same being adjudicated to the plaintiffs in said case.

The defendant's evidence consisted of public deeds recorded in the registry of property showing that he had purchased the lands claimed by the plaintiffs from a person who had his right thereto recorded in the registry, and of a certificate issued by the Registrar of Property of Caguas relative to the lands in question.

Upon the introduction of the defendant's evidence the plaintiffs opposed it, because they understood such evidence to be impertinent as long as the defendant did not show that the marshal of the court complied with the requirements of the law in effecting the sale to Ramis. The grounds of the exception are too general. The plaintiffs should have specified the grounds on which they took exception in such form that the argument of the case might have been presented clearly and frankly. As the defendant and respondent has alleged, the question of the nullity of the sale made to Ramis

by the marshal after the death of one of the plaintiffs in the case has now been brought up specifically for the first time in this Supreme Court.

Moreover, upon analysis of the plaintiffs' evidence it may be concluded that they did not prove a precise, clear, and perfect title to the lands they claimed as theirs, as it devolved upon them to do; and such being the case, the court in admitting the evidence of a defendant who was and is in possession of the lands in controversy, which evidence consisted of public deeds recorded in the registry of property and of a certificate issued by the registrar, committed no error justifying the reversal of the judgment rendered.

Considering all of the foregoing, the conclusion is reached that this case should be governed entirely by the principle laid down in the opinion of this court in the case of *Fernández et al.* v. *Velázquez,* 17 P. R., 716, decided the 9th of this same month, and that, in consequence thereof, the appeal cannot be sustained and the judgment appealed from should be affirmed:

1. Because, even in case that the plaintiffs had shown that they had some right of ownership to the lands they claim, it would have been in such vague and uncertain form as to be unfit ground upon which to render a judgment such as they seek; and

2. Because the defendant having in good faith and with just title acquired ownership of the lands in question from a person whose title was recorded and in regard to which the ground of nullity now alleged did not appear in the registry nor, apparently, in the records of the case of *Ramis* v. *Borrás et al.,* it is necessary to conclude that the defendant is a third party whose right should not and cannot be invalidated.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and Aldrey concurred.

Mr. Justice Wolf concurred in the result.